## Commonwealth v. Rathman

*Randolph A. Warden*, Assistant District Attorney, for Commonwealth.

*Leon H. Fox*, for defendant.

CORSON, J., July 31, 1956.—This proceeding is in court after a waived hearing to a charge of reckless driving before a justice of the peace in the Borough of Pottstown.

After the transcript had been filed, defendant filed a petition seeking to quash the information and transcript. Upon this petition a rule was granted, an answer was filed by the district attorney, and after argument the question is before the court for determination

In this petition, defendant sets forth the four questions that he raised before the justice of the peace as to jurisdiction before he waived the hearing. While they are more or less the same, we shall consider the four questions as raised in the brief filed by defendant.

These four questions allege that the information attached to the transcript fails to state: "(1) The lo-

cation where the violation occurred; (2) in what municipality the violation occurred; (3) that the charge was reckless driving; (4) that the justice of the peace was the nearest available justice to the alleged violation".

There was a fifth question raised as to the propriety of the justice hearing the case outside of the ward in which he had been elected. The transcript alleges, however, that the justice agreed to remove the hearing to his home office but that defendant and his counsel refused to go and waived hearing. This question, therefore, was not raised by counsel at the argument and is not therefore considered.

The first two questions seem to be the most important.

The third question, we feel, is without merit, since the information clearly set forth the section, subsection, etc., that defendant was charged with having violated.

The fourth question is more or less tied in with the first and second questions because of the fact that if the information does not show with reasonable certainty where the violation occurred, it is impossible for defendant to determine whether or not the justice issuing the warrant was, or was not, the nearest available magistrate to the scene.

Admittedly the information merely states that the offense occurred while defendant was driving a motor vehicle west on High Street. While the information is made by a police officer of the Borough of Pottstown and sworn to by a justice of the peace of that borough, yet defendant contends that such statements are not sufficient to apprise defendant of the allegation that High Street was in the Borough of Pottstown.

The transcript of the justice states that he informed defendant and counsel when they appeared before him that the violation was alleged to have taken place in

front of the "Bar-B-Q" restaurant. Even this, at that late date, would not be sufficient to inform an out-of-town resident as to the location of the alleged violation.

In the case of Commonwealth v. Scheetz, 61 D. & C. 185, 63 Montg. 179 (1947), this court, in an opinion by President Judge Knight, held that an information charging a violation of one of the summary provisions of The Vehicle Code which fails to state where the alleged offense was committed, is defective, and that the transcript of the justice of the peace will be quashed. In the Scheetz case, however, there was no statement whatever as to where the offense had been committed. In the present case the information says "on High Street". Driving west or east on High Street would seem to make little difference.

While it is not shown as part of the record, it is well known to most residents of Montgomery County that High Street is at least a four-lane highway running east and west the entire length of the Borough of Pottstown. Whether the length of this street is two miles or three miles is unknown to the court, but it may well be that High Street passes through, or at least touches, every ward of the borough.

Unless the place of the alleged violation is identified at least as being near or in the immediate neighborhood of some intersection with High Street, it would be impossible for a defendant to ascertain the particular justice having jurisdiction of a violation occurring at that particular location. Upon the record, we have nothing whatever except the statement of the justice in the transcript, that he "felt that he was the nearest available magistrate".

In summary cases of this kind, we feel that the information should set forth in the body of the information the name of the municipality in which the offenses were alleged to have been committed, and sufficient

information as to the location of such alleged violation in such municipality to enable defendant to ascertain whether or not the justice issuing the warrant was the nearest available magistrate to the location of such violation.

Since we feel that the information does not set forth with sufficient particularity the location where the alleged offense was committed, we feel that under the authority of Commonwealth v. Scheetz, supra, the petition must be allowed and the information quashed. We, therefore, enter the following

*Order*

And now, July 31, 1956, defendant's petition to quash the information and transcript is allowed, the rule granted upon such petition is made absolute, and the information is now quashed.